UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANTOINE DELANEY WILLIAMS,                    CIVIL NO. 10-3789 (MJD/SER)

      Petitioner,

v.                                           **REPORT AND RECOMMENDATION**

JOAN FABIAN, et al,
COMMISSIONER OF CORRECTIONS

      Respondents.

_____

      Antoine Delany Williams, *pro se*, #223159, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003.

      Paul R. Scoggin, Esq., Hennepin County Attorney's Office, 300 S 6th Street, Suite C-2000, Minneapolis, MN 55487, and Matthew Frank, Esq., Minnesota Attorney General's Office, Suite 1800, 445 Minnesota Street 1800, Saint Paul, MN 55101, for Defendants.

_____

Steven E. Rau, United States Magistrate Judge.

      This matter is before the undersigned United States Magistrate Judge on Petitioner Antoine Delaney Williams' ("Williams") Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). Because Williams' claims are procedurally defaulted, the Court recommends that the Petition be denied and that this action be dismissed with prejudice.

1

## I.       FACTUAL AND PROCEDURAL BACKGROUND

### A.       Factual Background[1]

In the afternoon on September 14, 2006, Minneapolis police responded to a call about a shooting in South Minneapolis and found Bennie Hodges lying on his stomach with blood on his pants.  Hodges told the responding officer he had been shot by Williams whose nickname was "Little Cuz."

At trial, Hodges testified that as he approached the back door to his house on that date, he heard a noise and when he turned around a man told him to empty his pockets.  Hodge's mother, who was at the back door, stepped between Hodges and the man and asked him not to shoot her son.  Hodges turned and ran down an alley and was shot.  Hodges' mother gave police a description of the shooter.  While she could not initially make a positive identification from a photographic lineup, the next day she was able to identify Williams.  Hodges also identified Williams in a photographic lineup.  A neighbor told the police she saw the shooting, and she gave a description that matched Williams.  At trial she testified she saw a 25-30-year-old African-American man with braids and facial hair shoot Hodges in the alley behind her duplex.

Williams presented an alibi defense.  A friend testified that Williams called her that afternoon from downtown Minneapolis, and she picked him up and brought him to her house to watch television.  She did not know the exact time of the call or when she picked him up.

The district court granted the State's request to impeach Williams with two prior drug-related felonies if he chose to testify.  He chose not to testify, and in March 2007, he was convicted of first-degree assault in violation of Minn. Stat. § 609.221, subd. 1 (2008); and felon in possession of a firearm in violation of Minn. Stat. § 624.713, subd. 2(b) (2008).

---

[1]  This Court's recitation of facts is based on the opinion of the Minnesota Supreme Court in *State v. Williams*, 771 N.W.2d 514 (Minn. 2009).

At sentencing, the district court first sentenced appellant to 60 months for his felon-in-possession-of-a-firearm conviction, which increased appellant's criminal-history score from three to four and changed the presumptive sentence on the assault conviction from 104-146 months to 114-160 months.  The court then sentenced appellant to 160 months for first-degree assault, to be served concurrently with his 60-month sentence for illegally possessing a firearm.

## B.        Procedural Background

Williams appealed his conviction to the Minnesota Court of Appeals, which affirmed the judgment of the district court on November 18, 2008.  (Petition, p. 2.)  At the Court of Appeals Williams raised the following issues:

> Did the district court abuse its discretion by ruling that the state could impeach Mr. Williams with two prior drug-related convictions if Mr. Williams testified at trial where the convictions did not involve dishonesty and the risk was too great that the jury would have used the convictions as character evidence to convict Mr. Williams of the charged crimes?
>
> Did the district court abuse its discretion by improperly employing the *Hernandez* method to increase Mr. Williams' criminal history score on his sentence for first-degree assault where the crimes were part of a single behavioral incident?

(Appellant's Brief, p. 3, *State v. Williams*, A-07-1502 (Minn. Ct. App.) [Appendix to Response to Habeas Petition Doc. No. 10].

In a *pro se* supplemental brief, Williams raised the following additional issues:

> WAS THE APPELLANT DENIED HIS CONSTITUTIONAL RIGHT TO SPEEDY TRIAL UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I, SECTION ' 6?
>
> WAS THE APPELLANT'S TRIAL UNFAIR DUE TO THE FACT OF THE PROSECUTORIAL MISCONDUCT?
>
> DID THE GOVERNMENT VIOLATE THE APPELLANTS (sic) SIXTH AMENDMENT RIGHT TO COUNSEL UNDER THE

UNITED STATES CONSTITUTION?

(Appellant's *Pro Se* Supplemental Brief, p. 3, *State v. Williams*, A-07-1502 (Minn. Ct. App.) [Appendix to Response to Habeas Petition, Doc. No. 10] (emphasis in original).

The Minnesota Court of Appeals first held that the trial court did not abuse its discretion in ruling the State could impeach Williams with two prior felony convictions if he testified, because each relevant factor weighed in favor of admissibility. *State v. Williams*, 757 N.W.2d 504, 508-10 (Minn. Ct. App. 2009). Next, the court held:

> [T]he firearms exception to the single-behavioral-incident rule permits the *Hernandez* method of sentencing even when the offenses are part of the same course of conduct. Therefore, where a defendant's multiple offenses arise from a single behavioral incident and include ineligible possession of a firearm, the defendant can be sentenced for the ineligible-possession offense in addition to being sentenced for one of the other offenses, and the offense that occurred first can be sentenced first and included in the defendant's criminal-history score to determine the presumptive sentence for the second offense.

*Id.* at 511. The court also found no violation of Williams' right to a speedy trial under the test announced in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *Id.* at 513-14; *see also State v. Widell*, 258 N.W.2d 795, 796 (Minn. 1977) (adopting *Barker* test). Finally, the court held Williams' "remaining *pro se* challenges," for prosecutorial misconduct and ineffective assistance of counsel were without merit. *Williams*, 757 N.W.2d at 514; *see also* Appellant's *Pro Se* Supplemental Brief, p. 3, *State v. Williams*, A-07-1502 (Minn. Ct. App. 2009) [Appendix to Response to Habeas Petition, Doc. No. 10].

On September 3, 2009, the Minnesota Supreme Court affirmed. *State v. Williams*, 771 N.W.2d 514 (Minn. 2009). The Minnesota Supreme Court noted that the Court of Appeals addressed the issues Williams raised in his *pro se* brief, and therefore, those issues fell within its order granting review. The court concluded however, that Williams waived the speedy trial,

prosecutorial misconduct, and Sixth Amendment right to counsel issues because he did not brief or argue them before the Minnesota Supreme Court. *Williams*, 771 N.W.2d at 518, n.2.

Williams filed the instant Petition for Writ of Habeas Corpus on August 31, 2010. [Doc. No. 1]. He alleges five grounds for relief as follows: Ground One, "Denial of right to speedy trial in violation of Sixth and Fourteenth Amendments to the United States Constitution;" Ground Two, "Denial of right to fair trial and due process of law in violation of the Sixth Amendment and Fourteenth United States Constitution" (sentencing issue); Ground Three, "Denial of right to fair trial and due process of law in violation of the Sixth Amendment and Fourteenth United States Constitution" (impeachment evidence); Ground Four, "Denial of right to fair trial and due process of law in violation of the Sixth Amendment and Fourteenth United States Constitution" (prosecutorial misconduct); and Ground Five, "Denial of right to the effective assistance of trial counsel in violation of the Sixth Amendment and Fourteenth United States Constitution."[2] [Petition, Attachment II].

## II.   DISCUSSION

In response to the Petition, Respondents interposed two Motions to Dismiss. [Doc. Nos. 8, 9]. In their first Motion to Dismiss, Respondents contend that Williams' speedy trial, prosecutorial misconduct, and ineffective assistance of counsel claims are procedurally barred. [Doc. No. 8]. In their second Motion to Dismiss, Respondents assert that Williams failed to raise a federal question in litigating his impeachment evidence and sentencing claims in state court, and therefore, the claims are unexhausted and should be dismissed. [Doc. No. 9]. Respondents also note in this motion that the impeachment and sentencing claims are likewise procedurally

---

[2] Respondent refers to Williams' claims as Grounds A-E. However, Grounds A-E in Attachment I to the Petition refer to the claims Williams raised in the Minnesota Supreme Court. The claims Williams presents to this Court are contained in Attachment II to the petition. [Doc. No. 1].

defaulted.  This Court agrees.

Before filing a federal habeas petition, a petitioner must exhaust his state court remedies by fairly presenting his federal constitutional claims to the highest available state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  The exhaustion requirement is met when a petitioner fairly presents his federal constitutional claims in a complete round of the state's established appellate review process.  *Id.*  In Minnesota, a complete round of the established appellate review process includes filing a petition for review in the Minnesota Supreme Court and proceeding if review is granted.  *Johnson v. Minnesota*, Civ. No. 10-861, 2010 WL 2682882 at *2 (D. Minn. Apr. 5, 2010) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).  A federal claim is fairly presented when the petitioner refers "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (quoting *Myre v. State of Iowa*, 53 F.3d 199, 200-01 (8th Cir. 1995)); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991).  "To be fairly presented a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement."  *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005)

If a petition contains claims that have not been fairly presented, the court must determine if those claims are unexhausted or procedurally defaulted.  A constitutional claim is procedurally defaulted if it has not been fairly presented in the state courts, and the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Under Minnesota law, "where

direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976).  There are two exceptions:  (1) where a claim is so novel that its legal basis was not reasonably available at the time of direct appeal; and (2) if the defendant did not deliberately or inexcusably fail to raise the issue in the first appeal and fairness requires review.  *Townsend v. State*, 723 N.W.2d 14, 18 (Minn. 2006).  When a petitioner waived a claim in the State's highest court, the claim is procedurally defaulted.  *See e.g. Farnsworth v. King*, Civ. No. 09-333, 2010 WL 2346581, at *17 (D. Minn. March 2, 2010).

When a claim is procedurally defaulted in state court, the federal court considering the habeas petition must determine whether the prisoner has demonstrated cause and prejudice for the default, or whether a failure to consider the claim will result in a fundamental miscarriage of justice.  *McCall*, 114 F.3d at 758 (citing *Coleman*, 501 U.S. at 750).  Prejudice need not be considered where a petitioner has failed to fulfill the cause prong of the test.  *Id.*  The miscarriage of justice exception is only available to a petitioner who has demonstrated that a constitutional violation has probably resulted in the conviction of an innocent person.  *Id.*  If the exceptions do not apply, the procedural default cannot be excused, and the court will deny the petition without addressing the merits of the claim.  *Carney v. Fabian*, 441 F. Supp. 2d 1014, 1029 (D. Minn. 2006).

A.   **Williams' Claims Are Procedurally Defaulted**

1. **Speedy Trial, Prosecutorial Misconduct and Ineffective Assistance of Counsel.**

Respondents contend Williams' speedy trial, prosecutorial misconduct, and ineffective assistance of counsel claims are procedurally defaulted.  The Minnesota Supreme Court found that Williams waived these claims because he did not raise these issues in his Supreme Court

briefs.  *Williams*, 771 N.W.2d at 517, n.2.  Because he did not raise the issues to the Supreme

Court, he did not fairly present these claims in a complete round of the appellate review process.

The claims are therefore, not exhausted.  The claims are also procedurally defaulted because

under *Knaffla*, Williams is precluded from raising those claims again in the state courts.  None of

these claims fall within the exceptions to the *Knaffla* rule because the claims are not novel and

Williams inexcusably failed to argue these issues in his brief to the Minnesota Supreme Court.

Finally, Williams has not demonstrated cause and prejudice for the default, or that the Court's

failure to consider the claim will result in a fundamental miscarriage of justice.  Williams did not

respond to the Motions to Dismiss or otherwise explain why he did not raise these issues at the

Minnesota Supreme Court.  Therefore, Respondents' motion to dismiss should be granted and

Williams' Petition should be dismissed with prejudice.

### 2.  Impeachment Evidence and Sentencing

Williams' claims regarding impeachment evidence and his sentencing are likewise

procedurally defaulted.  Unlike his *pro se* claims, Williams did raise the impeachment evidence

and sentencing issue at both the Minnesota Court of Appeals and the Minnesota Supreme Court.

As Respondents contend, however, nowhere in Williams' appeals did he suggest that these issues

implicated a federal right.  With respect to both issues, Williams only raised state law and

evidentiary issues and nowhere suggested that the issues raised constitutional claims.  Thus,

Williams did not exhaust his federal constitutional claim in a complete round of the State's

appellate procedures, and his claims relating to impeachment evidence and sentencing are

unexhausted.  Further, under *Knaffla*, Williams is precluded from raising the federal nature of

these claims in another postconviction proceeding and neither of the *Knaffla* exceptions apply.

Therefore, his claims are procedurally defaulted.  Finally, Williams has not made any arguments

as to why he did not raise the federal nature of these claims in the state appellate proceedings. Nor has he alleged that he is actually innocent.   Therefore, the procedural default cannot be excused and the motion to dismiss should be granted.

### B.        Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a Certificate of Appealability, ("COA").   28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(3).   To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. Daniel*, 529 U.S. 473, 484 (2000).   A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue.  *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate").

In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Williams' claims any differently than they have been decided here.  Williams has not identified, (and the Court cannot independently discern), anything novel, noteworthy or worrisome about this case that warrants appellate review.   It is therefore recommended that Petitioner **not** be granted a COA in this matter.

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's application for a writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1] be **DENIED;**

2.    Respondents' Motions to Dismiss be **GRANTED** [Doc. Nos. 8 and 9];

3.   This action be **DISMISSED WITH PREJUDICE;** and

4.   In the event the District Court adopts this Report and Recommendation, a COA should not issue.

Dated:  June 20, 2011                              s/ Steven E. Rau
                                                   Steven E. Rau
                                                   United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 5, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.